**\*\*E-filed 10/12010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DEMAS WAI YAN,<br><br>    Debtor,<br>_____<br>TONY FU,<br><br>    Plaintiff and Appellant<br>  v.<br><br>DEMAS WAI YAN, et al.,<br><br>    Defendants and Appellees.<br>_____/ | No. C 09-3930 RS<br><br>**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |

## I. INTRODUCTION

This bankruptcy appeal arises from a long acrimonious and litigious relationship between appellant Tony Fu and debtor Demas Wai Yan, also known as Dennis Yan, and Yan's father, Cheuk Tin Yan (collectively "the Yans"). Fu challenges an order of the Bankruptcy Court declaring various claims raised by the Yans against him to have been abandoned by the bankruptcy estate such that the Yans are free to pursue those claims in state court. The Bankruptcy Court found that the estate had sufficient funds to pay all claims against it in full, and that therefore determination of the abandoned claims would "have no conceivable effect on the estate." Because Fu has shown no basis to overturn the Bankruptcy Court's decision, it will be affirmed.

## II. BACKGROUND

Fu states that he and Dennis Yan formed a partnership to develop a condominium construction project at 663 Chenery Street in San Francisco between 2001 and 2003. Fu contends that Yan disavowed the partnership and filed a series of lawsuits in state court against Fu and others, all designed to prevent Fu from recovering his share of the partnership profits. After Yan filed bankruptcy, Fu initiated this adversary proceeding in which he sought, among other things, an injunction to prevent Fu from continuing to litigate the various state court cases.

In February of 2009, the Bankruptcy Court granted judgment on the pleadings in the adversary proceeding, and enjoined Yan from prosecuting any actions relating to the Chenery Street project or any other pre-petition claims, including several specifically-identified state court cases. The Yans subsequently moved for reconsideration, arguing, among other things that, (1) claims belonging to Cheuk Tin Yan were not properly enjoined; (2) certain post-petition claims were not properly enjoined, and (3) all pre-petition claims not pursued by the trustee should be abandoned to the debtor.

On June 12, 2009, the Bankruptcy Court issued the order that is the subject of this appeal.[1] The court ruled that all pre-petition causes of action were abandoned to the debtor, and it vacated its prior injunction against prosecution of the specifically-identified cases as moot.

## III. STANDARD OF REVIEW

The District Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. See *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996); see also Fed. R. Bankr.P. 8013 ("Findings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). "A finding of fact is clearly erroneous when after reviewing the evidence we are left with the

---

[1] Fu also filed a motion in the Bankruptcy Court to alter or amend the June 12th order. That motion was denied on August 5, 2009.

definite and firm conviction that a mistake has been committed." *In re Arnold and Baker Farms*, 177 B.R. 648, 653 (9th Cir. BAP 1994).

## IV. DISCUSSION

Fu offers three basic arguments in support of his contention the Bankruptcy Court's order should be reversed.  First, Fu contends that the claims made by the Yans in the state court proceedings belong to the bankruptcy estate, not to the Yans individually.   There was no dispute during the proceedings below that at least some of the claims were property of the estate *until and unless declared abandoned.*  As to those claims, therefore, Fu may be correct that they *were* the property of the estate, but that has no direct bearing on the issue of whether it was proper for the court to find that they should be abandoned, in light of the fact that the estate had sufficient assets to satisfy all claims against it.

It appears that Fu may be advancing this argument in an attempt to rebut the positions taken by the Yans in the Bankruptcy Court that it was improper to enjoin prosecution of claims that belonged to Cheuk Tin Yan in addition to those that had originally belonged to Demas Yan, the debtor.  Even assuming Fu is correct that none of the claims were properly characterized as belonging to Cheuk Tin Yan, however, any misapprehension on the part of the Bankruptcy Court to the contrary is irrelevant, because it would not change the fact that the court found it appropriate to declare *all* of the claims abandoned.   In other words, even if the court had expressly rejected the Yans' arguments that some of the claims belonged to Cheuk Tin Yan, that would not have been a basis to preclude abandonment of those claims on the same grounds as those that undisputedly belonged to the estate.   Accordingly, even accepting Fu's arguments that *all* of the claims at issue were the property of the bankruptcy estate, that does not provide a basis for reversal.[2]

---

[2] Fu also strenuously argues that the matters raised in the Yans' state court complaints were all previously adjudicated within the bankruptcy proceeding.  If Fu is correct on that point, he may be able to assert claim preclusion and/or issue preclusion as a defense in the state court proceedings. This argument, however, like his arguments that the Yans' claims against him are meritless for various other reasons as well, are not grounds for requiring the bankruptcy estate to retain ownership of the claims.  To the contrary, if Fu is correct that the claims are essentially frivolous, that only further supports the Bankruptcy Court's conclusion that they should be abandoned by the estate.

3

1  Second, and relatedly, Fu argues that the Yans made various misrepresentations to the
2  Bankruptcy Court regarding the nature and status of the claims they had been pursuing in the state
3  court actions, and as to the facts underlying those claims.  For example, Fu argues that Demas Yan
4  falsely advised the court that he was only pursuing a malicious prosecution cause of action, when in
5  fact his complaints were purportedly much broader.  Fu also contends that various evidence
6  establishes that there was no basis for Cheuk Tin Yan, as opposed to Demas Yan, to assert any
7  claims against Fu related to the Chenery Street project.  Again, even assuming that Fu's version of
8  the facts were accepted, he has failed to show how the alleged misrepresentations have any bearing
9  on the decision he is challenging.   The Bankruptcy Court did *not* lift the injunction in reliance on
10  any showing by the Yans that they intended to pursue only a malicious prosecution cause of action,
11  or on the basis that one or more of the claims belonged to Cheuk Tin Yan rather than to the
12  bankruptcy estate.  Rather, the court expressly found that all the claims were properly abandoned
13  because there were "sufficient funds in the estate to pay all claims [against the estate] in full" and
14  therefore "determination of these claims will have no conceivable effect on the estate."  June 12,
15  2009 Order at 1:25-27, 2:5-6.

16  Notably, Fu has raised no challenge to the factual accuracy of the court's conclusion that the
17  estate had sufficient funds to pay all claims against it, nor does he suggest that the Yans made any
18  misrepresentations that led the court to make that finding.  Accordingly, even assuming that any of
19  the arguments or representations made by the Yans to the Bankruptcy Court could be characterized
20  as "fraud" or "perjury," Fu has failed to show that any aspect of the court's order was based on any
21  such misinformation.

22  Finally, Fu contends that the Bankruptcy Court's decision should be reversed because he has
23  been unable to locate any evidence in the record supporting the recitation in the order that the
24  bankruptcy trustee "stipulated on the record" to abandonment.  As an initial matter, stipulation by
25  the trustee is not a prerequisite to the court finding abandonment to be warranted.  See 11 U.S.C. §
26  554 (b) ("the court may order the trustee to abandon any property of the estate that is burdensome to
27  the estate or that is of inconsequential value and benefit to the estate.")   Here, the court expressly
28  found that pursuing the claims would be of *no* benefit to the estate, and the burden to the estate of

4

doing so is self-evident.  Furthermore, Fu has misconstrued his burden as appellant.  Even if stipulation by the trustee were a requirement, Fu would have to show affirmatively that the trustee did *not* so stipulate; simply asserting that he cannot find evidence of such a stipulation is insufficient.[3]

## V.  CONCLUSION

The Bankruptcy Court's order of June 12, 2009 is affirmed.

Dated: 10/1/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

---

[3]  Fu's brief purports to quote certain comments made by the trustee at the hearing on the motion below that neither conclusively establish nor rule out a stipulation to abandonment.  Although the brief provides a citation to the hearing transcript, that transcript was omitted from the appellate record, and cannot be considered here.

**THIS IS TO CERTIFY THAT NOTICE OF THIS DOCUMENT WAS MAILED TO:**

Tony Fu
5813 Geary Blvd.
PMB 188
San Francisco, CA 94121

Demas Wai Yan
595 Market St No. 1350
San Francisco, CA 94105


DATED: 10/1/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg


\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

6